IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEEP BLUE MARINE, ET AL, <br><br> Plaintiffs, <br><br> vs. <br><br> EDWARD KRAJEWSKI, <br><br> Defendant. | **ORDER AND MEMORANDUM DECISION** <br><br><br> Case No. 2:08-CV-00405-TC |

Plaintiffs have sued Mr. Krajewski alleging Mr. Krajewski published false and defamatory statements about Plaintiffs and disclosed Deep Blue Marine proprietary information in violation of a non-disclosure agreement.

Mr. Krajewski filed a motion asking the court to either transfer venue to the Eastern District of Pennsylvania or dismiss the case under 28 U.S.C. § 1404(a).  Mr. Krajewski contends the venue should be transferred for his convenience and the convenience of the defense witnesses.  As discussed below, the court denies Mr. Krajewski's motion to transfer.

**ANALYSIS**

Mr. Krajewski contends a change in venue is appropriate because: (1) Mr. Krajewski resides in Pennsylvania and does not have the financial means to defend an action in Utah, and (2) numerous witnesses reside in Pennsylvania.

Standard of Review

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When reviewing a motion to transfer, "[t]he burden of establishing that the suit should be transferred is upon the movant and unless the evidence and the circumstances of the case are strongly in favor of the transfer the plaintiff's choice of forum should not be disturbed." Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967). "In presenting such evidence, [the movant] must go beyond conclusory allegations to show particularly why this forum presents a hardship, or why the court to which they wish the case transferred would be more convenient." Segil v. Goria Marshall Mgmt. Co., Inc., 568 F. Supp. 915, 919 (D. Utah 1983).

Mr. Krajewski has offered no specific evidence or legal arguments to meet this heavy burden and gives nothing but conclusory statements. Accordingly, he has failed to meet his heavy burden.

**ORDER**

For the reasons set forth above, Defendant's Motion to Change Venue (dkt. # 20) is DENIED.

SO ORDERED this 26th day of August, 2008.

BY THE COURT:

Tena Campbell

TENA CAMPBELL
Chief Judge